J-S32030-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
CRAIG ANTHONY MOORE :
:
Appellant : No. 233 WDA 2021

Appeal from the PCRA Order Entered February 11, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at CP-02-CR-0009711-2016

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
:
v. :
:
:
:
CRAIG ANTHONY MOORE :
:
Appellant : No. 234 WDA 2021

Appeal from the PCRA Order Entered February 11, 2021
In the Court of Common Pleas of Allegheny County
Criminal Division at CP-02-CR-0001247-2018

BEFORE:  LAZARUS, J., MURRAY, J., and MUSMANNO, J.

MEMORANDUM BY MURRAY, J.:               **FILED: NOVEMBER 10, 2021**

Craig Anthony Moore (Appellant) appeals from the order dismissing his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

In a prior decision, this Court recited the procedural history of this case as follows:

On December 4, 2018, the trial court held a joint plea, sentencing, and violation of probation ("VOP") hearing. Appellant pleaded guilty at Docket Number 1247-2018 to two counts of DUI and one count of Driving on a Suspended License—DUI Related.[1] The trial court sentenced Appellant to an aggregate term of three and a half to seven years' incarceration, followed by a consecutive two-year period of probation. Appellant's DUI conviction was his fourth in ten years and his fifth lifetime DUI.

[1] 75 Pa.C.S.A. §§ 3802(c), 3802(a)(1), and 1543.

As a result of his convictions at Docket Number 1247-2018, Appellant violated his probation at eight different docket numbers, including Docket Number 9711-2016.[2] Thus, also on December 4, 2018, the court imposed an aggregate VOP sentence of three to six years' incarceration, to run consecutive to the DUI sentence imposed at Docket Number 1247-2018.[3]

[2] On March 21, 2017, Appellant had entered a negotiated guilty plea to eleven counts of Theft from a Motor Vehicle, two counts of Access Device Fraud, six counts of Loitering and Prowling at Night, three counts of Criminal Trespass, and one count each of Theft by Unlawful Taking, Receiving Stolen Property, and Driving on a Suspended License—DUI Related. *See* 18 Pa.C.S.A. §§ 3934(a), 4106(a)(1), 5506, 3503(b)(1)(ii), 3921(b), 3925(a); and 75 Pa.C.S.A. § 1543(b)(1), respectively.

[3] Appellant's VOP sentence at Docket Number 9711-2016 consisted of a two to four-year sentence of incarceration followed by ten concurrent two-year terms of probation for his Theft from a Motor Vehicle convictions; a two-to four-year sentence of incarceration for one of Appellant's Access Device Fraud convictions; and a one-to two-year term of incarceration, consecutive to Appellant's two-to four-year term of incarceration for his Theft from a Motor Vehicle conviction. The court also imposed two additional terms of two years of probation and ordered Appellant to serve them immediately following his release from prison.

On December 11, 2018, Appellant filed a timely Post-Sentence Motion at Docket Number 9711-2016 seeking modification of his VOP sentence. Appellant argued that his sentence was manifestly excessive because the court failed to consider his rehabilitative needs, did not give him due credit for time-served, did not place adequate reasons on the record justifying the VOP sentence, did not order a Pre-Sentence Investigation ("PSI") Report, and opted to incarcerate Appellant when a less restrictive alternative was available. On December 13, 2018, the VOP court denied Appellant's Motion without a hearing. Appellant timely appealed from his Judgment of Sentence, but discontinued the appeal on February 8, 2019. *See Commonwealth v. Moore*, No. 7 WDA 2019 (Pa. Super. 2019).

On December 13, 2018, Appellant filed a timely Post-Sentence Motion at Docket Number 2147-20187 seeking modification of his sentence. Appellant alleged that his sentence was manifestly excessive because the court did not consider adequately his rehabilitative needs, did not place adequate reasons on the record justifying the sentence, and did not order a PSI Report. The trial court held a hearing on the Motion on January 10, 2019, after which it denied Appellant's Motion. Appellant did not file a timely appeal from his Judgment of Sentence.

Appellant successfully petitioned for reinstatement of his direct appeal rights *nunc pro tunc* at both docket numbers[.]

*Commonwealth v. Moore*, 2019 WL 6359027, at *1-2 (Pa. Super. Nov. 27, 2019) (unpublished memorandum).

This Court affirmed Appellant's judgments of sentence on November 27, 2019. *See id.* On March 24, 2020, the Pennsylvania Supreme Court denied his petition for allowance of appeal. *See id.*

On July 21, 2020, Appellant filed a *pro se* PCRA petition. The PCRA court appointed Diana Stavroulakis, Esquire, to represent Appellant. Attorney Stavroulakis filed an amended PCRA petition raising claims of ineffective

assistance of post-sentence plea and post-sentence VOP counsel. *See* Amended PCRA Petition, 11/1/20. On February 9, 2021, the PCRA court issued notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907. That same day, Attorney Stavroulakis filed a response. On February 11, 2021, the PCRA court dismissed the petition. This timely appeal followed.[1]

Appellant presents one issue for our review:

> I. [Did t]he PCRA Court err[] in denying relief where [Appellant's] prior attorneys at the post-sentencing phase were ineffective for failing to raise in post-sentence motions and/or motions to modify the sentence, the claim that the sentences imposed at both cases were unreasonably harsh and lengthy, because the court imposed the sentences to run consecutively[?]

Appellant's Brief at 6.

We review Appellant's challenge to the denial of relief by "examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." *Commonwealth v. Busanet*, 54 A.3d 35, 45 (Pa. 2012). "Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the party who prevailed in the PCRA court proceeding." *Id.*

---

[1] Appellant and the PCRA court have complied with Pa.R.A.P. 1925. Appellant also complied with the dictates of *Commonwealth v. Walker*, 185 A.3d 969, 971 (Pa. 2018) (holding prospectively, "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case."). On March 10, 2021, this Court granted Appellant's application to consolidate the appeals.

In addition,

> the PCRA court has the discretion to dismiss a petition without a hearing when the court is satisfied "that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by any further proceedings." Pa.R.Crim.P. 909(B)(2). "[T]o obtain reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing." *Commonwealth v. D'Amato*, 856 A.2d 806, 820 (Pa. 2004).

*Commonwealth v. Hanible*, 30 A.3d 426, 452 (Pa. 2011).

When deciding ineffective assistance of counsel claims, we begin with the presumption that counsel rendered effective assistance. *Commonwealth v. Bomar*, 104 A.3d 1179, 1188 (Pa. 2014). To overcome the presumption, the petitioner must establish: "(1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's action or failure to act; and (3) the petitioner suffered prejudice as a result of counsel's error, with prejudice measured by whether there is a reasonable probability that the result of the proceeding would have been different." *Id.* (citation omitted). To demonstrate prejudice, "the petitioner must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Commonwealth v. King*, 57 A.3d 607, 613 (Pa. 2012). If the petitioner fails to prove any of these prongs, the claim is subject to dismissal. *Bomar*, 104 A.3d at 1188.

It is undisputed that Appellant's prior counsel failed to preserve his sentencing issue. **See Moore**, **supra**, at *3 ("Appellant did not preserve his challenge to the court's imposition of consecutive sentences by raising this issue at the sentencing hearing. Appellant also did not preserve his consecutive sentence claim in either of his Post-Sentence Motions."). Nonetheless, the PCRA court concluded that, although "counsel failed to preserve the consecutive sentencing issue for review … there is absolutely no merit to the underlying argument that the consecutive sentencing scheme was manifestly excessive[.]" Notice of Intent to Dismiss, 2/9/21, at 5. Consistent with the PCRA court, the Commonwealth states, "there is no merit whatsoever" to Appellant's underlying claim because the "record clearly establishes the court properly considered and engaged in an appropriate balancing of the required statutory factors, including his rehabilitative needs, when it imposed consecutive sentences … and ordered that they run consecutively." Commonwealth Brief at 8.

Appellant argues the PCRA court erred because his ineffectiveness "issue does have arguable merit." Appellant's Brief at 15. He asserts:

> His aggregate sentence, due to the sentence at each underlying case being imposed consecutively, is unreasonable and unduly harsh. [Appellant] submits that it was an abuse of discretion for the Court to impose the sentences consecutively when the aggregate sentence was contrary to fundamental norms, given the underlying charges.

**Id.**

We have explained:

> A sentencing court's decision to impose consecutive as opposed to concurrent sentences generally does not present a substantial question. **See Commonwealth v. Zirkle**, 107 A.3d 127, 133 (Pa. Super. 2014) (noting that the decision to impose consecutive or concurrent sentences lies within the discretion of the trial court). However, "the imposition of consecutive, rather than concurrent, sentences may raise a substantial question... where the aggregate sentence is unduly harsh, considering the nature of the crimes and length of imprisonment." **Commonwealth v. Moury**, 992 A.2d 162, 171–172 (Pa. Super. 2010). **Accord Commonwealth v. Mastromarino**, 2 A.3d 581, 587 (Pa. Super. 2010) ("[A substantial question is presented when] the decision to sentence consecutively raises the aggregate sentence to, what appears upon its face to be, an excessive level in light of the criminal conduct at issue").

**Commonwealth v. Sarvey**, 199 A.3d 436, 455–56 (Pa. Super. 2018).

Instantly, Appellant's argument regarding the consecutive imposition of his sentences is overly broad and unspecific. Appellant's Brief at 23-25. For example, he states that "ineffectiveness is apparent based upon a review of the record," the "aggregate sentence which imposed total confinement was unduly harsh," and the court "did not consider that [Appellant] accepted responsibility for his actions, and showed remorse[.]" **Id.** As the Commonwealth observes, we could find waiver because Appellant "failed to properly develop any supporting argument or authority, in contravention of Pa.R.A.P. 2119(a)." Commonwealth Brief at 14 (citing **Commonwealth v. Love**, 896 A.2d 1276, 1287 (Pa. Super. 2006) (defendant waived claim court erred in imposing consecutive sentences where he failed to present any argument to support this assertion)).

However, even in the absence of waiver, no relief is due. The PCRA court explained at length:

[Appellant] was no stranger to this court as he had been a Mental Health Court (MHC) participant for years, since 2014. Despite *repeated* failures throughout his time in the program, the court gave him one break after the next, choosing to maintain its focus on addressing his rehabilitative needs and trying to lift him out of the devastating spiral of alcohol and drug addiction. Despite the tremendous amount of leniency that was shown to him, and notwithstanding the numerous resources that were available to him throughout his time in MHC, [Appellant] continued to violate the terms of the program, and he committed a host of new criminal activity in 2016 that directly and adversely impacted society.

* * *

Time and time again, [Appellant] proved himself to be a danger to himself and others. The fact that he continued to be non-compliant with the terms of his service plan and probation coupled with the fact that he committed new crimes with full awareness of his potential sentencing exposure, during a time when he had access to a myriad of individuals whose purpose was to assist him in transitioning to a law-abiding lifestyle, only further demonstrated the need for a substantial period of incarceration. ("The court warned [Appellant at a previous sentencing] that this was his "last chance" and that he would be sent to state prison if he engaged in any more criminal activity."). [Appellant] proved that the more lenient sentences that this court had previously imposed, sentences that involved concurrent sentencing schemes, did nothing to deter him from criminal activity.

Against this backdrop, [Appellant's] actions over the course of four (4) years spoke far louder than any stated words of remorse at the time of sentencing. His actual conduct demonstrated nothing but an utter disrespect for the law. His complete unwillingness to abandon his criminal lifestyle, despite repeated warnings that such conduct would lead to a lengthy period of state prison, only served to make his conduct all the more egregious.

* * *

        While there is no doubt that counsel failed to preserve the consecutive sentencing issue for review [on direct appeal], there is absolutely no merit to the underlying argument that the consecutive sentencing scheme was manifestly excessive based on demonstrated remorse or acceptance of responsibility. For that reason, [Appellant's] ineffective assistance claim must fail, as counsel cannot be faulted for failing to preserve an ultimately meritless issue. Indeed, even if counsel had properly preserved the consecutive sentencing claim, there is no reasonable likelihood that it would have affected the outcome of [Appellant's] sentence. Rather, … a consecutive sentencing scheme was entirely justified in this case given this court's history with [Appellant] and his overall offense conduct.

Notice of Intention to Dismiss, 2/9/21, at 3-5 (italics in original, paragraph numbering and citations omitted).

The record supports the PCRA court's rationale. Appellant has an extensive criminal history, having committed numerous crimes, including repeat offenses, and has failed repeatedly to comply by the terms of probation. *See*, *e.g.*, *Commonwealth v. Brown*, 249 A.3d 1206, 1216 (Pa. Super. 2021) (a defendant "is not entitled to a 'volume discount' on his multiple convictions by the imposition of concurrent sentences."). Based on our review, we discern no error in the PCRA court's conclusion that counsel was not ineffective, and the court's corresponding dismissal of Appellant's petition without a hearing.

Order affirmed.

- 9 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/10/2021